**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZAREMBA GROUP, LLC,
a Michigan limited liability company,

      Plaintiff,

v.

                                 Case No. 10-11245
                                 Hon. Lawrence P. Zatkoff

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for CITIZENS
STATE BANK,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan,
on September 23, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion to Stay the Proceedings [dkt 14]. The

parties have fully briefed the Motion.  The Court finds that the facts and legal arguments are

adequately presented in the parties' papers and the decision process would not be significantly aided

by oral argument.  Therefore, pursuant to E.D. MICH. L.R. 7.1(f)(2), it is hereby ORDERED that the

Motion be decided on the briefs submitted.  For the following reasons, Defendant's Motion is

granted.

## II.  BACKGROUND

On September 15, 2009, Plaintiff initiated this action against Citizens State Bank ("CSB") in Macomb County Circuit Court.  The action is based on CSB's alleged unlawful conversion and interference with two million dollars of Plaintiff's funds.  Subsequently, CSB was declared insolvent.  On December 18, 2009, while that action was pending, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of CSB.  On December 30, 2009, the Macomb County Circuit Court entered a stipulated order granting the FDIC's motion to substitute as Defendant and for a 90-day stay of proceedings.  The 90-day stay was pursuant to the Financial Institutions Reform and Recovery Enforcement Act of 1989, 12 U.S.C. §§ 1812 *et seq.* ("FIRREA"). FIRREA regulates the process for the handling of claims against financial institutions placed in FDIC receivership.  During the 90-day stay, Plaintiff filed an administrative claim on April 1, 2010, pursuant to FIRREA's claim process, not before this Court, with Defendant.  This administrative claim seeks relief similar to that sought in this case.

Thereafter, Defendant removed the action to this Court.  Plaintiff then filed a motion for summary judgment.  Afterwards, Defendant filed the instant motion to stay the proceeding for an additional 180 days pursuant to FIRREA.  The issue framed before this Court is: "Does FIRREA allow for an additional 180-day stay when the Plaintiff initially filed the case before Defendant was appointed receiver?"  Plaintiff contends that the 180-day stay is not applicable to this case. However, the Court agrees with Defendant that a 180-day stay may be granted when the receiver so requests to exhaust the administrative claim process.

### III. LEGAL STANDARD

FIRREA provides a claim procedure for all claims asserted against assets of a failed financial institution. *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 385 (6th Cir. 2008). FIRREA requires mandatory compliance with the administrative claims review process. *Id.* The use of the FIRREA claim procedure is not affected by whether the lawsuit was filed prior to the FDIC's appointment over the failed institution. *See Combs v. FDIC*, No. 09-13256, 2009 WL 2843939, at \*1 (E.D. Mich. Aug. 31, 2009) (citing *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992) ("FIRREA makes participation in the administrative review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.")). Pursuant to 12 U.S.C. §§ 1821(d)(3)-(5), if the financial institution has failed, subsequent claims must be presented first to the FDIC for an administrative determination on whether they should be paid. Section 1821(d)(13)(D) of FIRREA stops a court from deciding claims against a bank in receivership when such claims were brought after appointment of receivership. The relevant portion of § 1821(d)(13)(D) states:

> (D) Limitation on judicial review
> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
> (i) any claim or action for payment from . . . the assets of any depository institution for which the Corporation has been appointed receiver . . . .

The FDIC is then allowed 180 days to render a determination on the filed claim. 12 U.S.C. § 1821(d)(5)(A)(I). Thereafter, a claimant can then file suit in an appropriate federal district court or in the United States District Court for the District of Columbia seeking relief. 12 U.S.C. § 1821(d)(6).

However, when the case, like here, is filed and then the receiver is appointed, the limitation

on judicial review is subject to § 1821(d)(5)(F). Section 1821(d)(5)(F)(ii) provides that "the filing

of a claim with the receiver shall not prejudice any right of the claimant to continue any action

which was filed before the appointment of the receiver." This has troubled the courts with how §

1821(d)(5)(F)(ii) and § 1821(d)(13(D) work side by side in pre-receivership cases (an action where

the case is filed in court before appointment of the receiver) compared to post-receivership cases (an

action where the case is filed in court after appointment of the receiver).

The Sixth Circuit has not provided a clear standard for cases of this posture. Not only is this

case a pre-receivership case, but once the FDIC was substituted as Defendant, it moved for a 180-

day stay until the pending administrative claim was exhausted. Despite the plain language of §

1821(d)(5)(F)(ii), allowing the claimant to *continue any action filed before appointment* of the

receiver, courts have interpreted this provision to mean that, while a 180-day stay is not mandatory,

"such a stay *must be implied* to effectuate the purpose of the act." *Guaranty Residential Lending,*

*Inc. v. Homestead Mortgage Co, L.L.C.*, No. 04-74842, 2009 WL 5214877, at *2 (E.D. Mich. Dec.

28, 2009) (emphasis added). *See also Marquis*, 965 F.3d at 1151-52 (noting that Congress intended

to provide a "streamlined method for resolving most claims against failed institutions in a prompt,

orderly fashion, without lengthy ligation"); *Meliezer v. RTC*, 952 F.2d 879, 882 (5th Cir. 1992)

(noting "the language of the statute and indicated congressional intent make clear" exhaustion of

administrative remedies is required, even though FIRREA does not explicitly mandate it).

In *Guaranty*, the district court cited to authority outside this circuit for guidance on this issue

from a factually similar pre-receivership case. In *Simms v. Biondo*, 785 F. Supp. 322, 323 (E.D.

N.Y. 1992), plaintiff brought an action against the defendant, a mortgagee, for intentionally

misrepresenting the value of property. During the proceedings, the defendant was declared insolvent

and the Resolution Trust Corporation, an entity similar to the FDIC, was appointed receiver pursuant to FIRREA and moved to stay the proceeding. *Id.* The court was confronted with the same issue before this Court, whether a 180-day stay is applicable in a pre-receivership case when requested by the receiver. The court held, while reading § 1821(d)(5)(F)(ii), "the word 'continue,' taken within the context, plainly directs a court to stay the proceedings against the [FDIC] until the claim-filing process runs its 180 day course." *Id.* at 324.

The *Simms* court also rested its decision on two prior cases from the southern district of New York. *See Gumowitz v. First Federal Savings & Loan Assoc. of Roanoke*, No. 90-8083, 1991 WL 84630, at *1 (S.D.N.Y 1991) (granting a 180-day stay for the administrative claim process to conclude and acknowledging the conflicting provisions because of Congress's expedient drafting of FIRREA); *Int'l Fidelity Ins. Co. v. Yorkville Fed. Sav. & Loan Ass'n*, No. 90-3767, 1990 WL 165720,*1-2 (S.D.N.Y. 1990) (staying the action until the administrative claim was exhausted, despite § 1821(d)(5)(F)(ii), after a review of the congressional legislative history). This interpretation was also agreed on in *Glover v. Washington Mutual Bank*, F.A., No. 08-990, 2009 WL 798832 at *5 (W.D. Pa. March 20, 2009). *Id.* (granting a stay until the administrative process concluded even though a 180-day stay is not explicit because a review of the legislative history and because district courts "have determined that a stay is implied during the pendency of the administrative claims process"). This Court adopts the view that a 180-day stay should be implied in FIRREA for it to achieve its purpose.

## IV. ANALYSIS

### A. Defendant's Arguments for an Implied Statutory Stay in FIRREA

In its motion, Defendant argues that according to Sixth Circuit precedent, this Court must

comply with FIRREA. *See Village of Oakwood*, 539 F.3d at 385. Since the administrative claim

is filed, the FDIC has 180 days to consider the claim and notify the claimant on whether it will pay

the claim. 12 U.S.C. § 1821(d)(5)(A)(I). Defendant argues the Court should issue a stay during this

time period. If Plaintiff's claim is denied or the 180 days pass after the filing of the administrative

claim, the Plaintiff can seek a continuation of this action. *See* 12 U.S.C. § 1821(d)(6)(A).

Defendant reads § 1821(d)(5)(F)(ii) to mean that the "claimant [can] continue any action which was

filed before appointment of the receiver," but this continuation would occur after this Court stayed

the action for 180 days.

Yet, the Court disagrees with the authority Defendant cites as binding on this Court. *Village*

*of Oakwood* is factually dissimilar to the instant case, and FIRREA does not explicitly mandate such

a stay. In *Village of Oakwood*, the relevant banking institution failed. 539 F.3d at 376. After the

FDIC was appointed receiver, creditors sued in state court to recover the value of their uninsured

deposits. *Id.* Ultimately, the FDIC removed the case to a federal district court and moved for

summary judgment, which the district court granted. *Id.* at 376-77. On appeal, before the Sixth

Circuit was a motion to remand to state court and a motion for summary judgment. The Sixth

Circuit addressed the jurisdictional claim in the motion to remand. It also held that the district

court's grant of summary judgment was proper because FIRREA required administrative claims to

be filed with the FDIC, which the creditors had not done.

By contrast, in this case, Plaintiff filed the action with the state court before Defendant was

appointed receiver. The FDIC was substituted as the Defendant, and removed the case to this Court.

It then moved to stay the action, an issue not before the court in *Village of Oakwood*. And lastly,

in this case, Plaintiff has filed an administrative claim with the FDIC as required by FIRREA. Thus,

*Village of Oakwood* is not on point as Defendant suggests.

Notwithstanding, prior court decisions, in this Circuit and others, support Defendant's motion to stay the proceedings 180-days. Indeed, the policy goals underlying FIRREA also support such a stay. FIRREA was established to manage claims in an expeditiously and efficient manner through an administrative process. *See In re Lewis v. Boyd*, 398 F.3d 735, 739 (6th Cir. 2005) ("FIRREA was enacted . . . to efficiently and expeditiously wind up the affairs of hundres of failed financial institutions."). That process is thwarted if the Defendant has to defend a claim in this Court while it also defends similar administrative claims in another proceeding. Therefore, Defendant asserts that since the administrative claim was filed on April 1, 2010, this Court should stay the action until September 28, 2010.

**B. Plaintiff's Response to Granting a Stay**

**1. An Implied Stay in FIRREA**

In response, Plaintiff argues that strict interpretation of § 1821(d)(5)(F) requires a different outcome. Since § 1821(d)(5)(F)(ii) explicitly states the filing of a claim "shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver," a 180-day stay is not supported by the statute. Plaintiff supports its argument with *In re Lewis*, 398 F.3d at 735.

In that case, the court held the 180-day administrative stay was not applicable. However, *In re Lewis* is distinguishable from the case before this Court. In that case the receiver did not request a stay immediately. *Id.* at 743. It attempted to invoke the stay only after a judgment in the bankruptcy court, a lost appeal in the district court, and a perfected appeal to the Sixth Circuit. *Id.* Under those circumstances, the Sixth Circuit held the receiver had waited too long to assert its

position. *Id.* 741-42. Furthermore, *In re Lewis* can offer guidance to this Court. In *In re Lewis*, the court recognized that § 1821(d)(12)(A), § 1821(d)(5(F)), and § 1821(d)(8)(E), not only allow a court to retain jurisdiction in a preexisting action, "but also that it *may proceed* to judgment in the *absence of a stay*." *Id.* at 744 (emphasis added). Here, the FDIC has requested a stay.

Next, Plaintiff argues that Defendant's interpretation relies on authority so different from the characteristics of this case, it can not lend any support. The Court disagrees. *Guaranty*, *Combs*, and *Simms* were pre-receivership cases. The plaintiffs in each case filed an action in court before the FDIC was appointed receiver. Subsequently the FDIC moved to stay the actions, which involved analyzing the same issue of the effect of § 1821(d)(5)(F) on the proceedings. Moreover, *Guaranty* and *Combs* were both decided by district courts in this Circuit. Furthermore, Plaintiff's contention that subject matter jurisdiction is retained in pre-receivership cases does not appear to be contested by Defendant. Defendant is only asking to stay the proceedings for the 180-day time period so the administrative claim process can first be exhausted.

## 2. The Court's Inherent Power to Stay the Action

In the alternative, Plaintiff contends that Defendant is merely trying to avoid Plaintiff's pending Motion for Summary Judgment by relying on case law that does not support a statutorily provided stay, but one where the courts relied on their own inherent powers to stay the action. Plaintiff specifically points to *Marquis* and *Combs* as relying on such inherent power to stay the action rather than an implied statutory stay. However, such cases still offer clarity for the Court.

In *Marquis*, the plaintiffs sued a FDIC insured financial institution for money damages. 965 F.2d at 1149. While the case was pending, the institution was declared insolvent and the FDIC was appointed receiver. *Id.* The FDIC, as defendant, then removed the case to a federal district court.

8

*Id.* The case does differ in the aspect that the defendant then moved for dismissal for lack of subject matter jurisdiction. *Id.* Instead of dismissing the case, the court held that in its discretion it would stay the proceedings more than the ninety days as explicitly specified in 12 U.S.C. § 1821(d)(12). *Id.* at 1155. However, Defendant only relied on this case for the proposition that a plaintiff must file an administrative claim and follow the FIRREA scheme, regardless if the case is a pre-receivership or a post-receivership case. *See* Def.'s Reply Br. at 2 [dkt 22]; Def. Mot. to Stay at 2 [dkt 14]. In this case, Plaintiff has already filed an administrative claim with the FDIC.

In *Combs*, the court did not explicitly state that it was relying on its inherent power to stay the action. *Id.* at \*1. Instead, the court noted that other courts have interpreted FIRREA as mandating a stay of litigation against the FDIC, but that for administrative efficiency and in the interests of justice it would close the action until the plaintiff exhausted the FIRREA administrative claims process. *Id.* at \*2. Therefore, it is not clear whether the court believed a stay was implied in the statutory language or whether it would have to use its inherent power to grant such a stay. Instead, the Court chose not to stay the matter at all.

Absent an explicit statutorily provided stay, Plaintiff argues that this Court would have to use its inherent power to stay this case. And in that instance, Plaintiff contends that case law does not support use of the inherent power of this Court to stay the action when the case is so clear. For authority, Plaintiff cites to *Yeomalakis v. FDIC.*, 562 F.3d 56, 60 (1st Cir. 2009).

In *Yeomalakis*, the court refused to impose a 180-day stay on a pre-receivership action where the merits underlying the dispute could be assessed quickly by the court and deemed unpersuasive. 562 F.3d at 60. However, unlike in this case, the plaintiff asserted two claims against the defendant, a bank. The defendant then moved for dismissal of the claims because of federal preemption. After

9

the claims were dismissed, the FDIC was appointed receiver for the defendant, then substituted for the defendant, and a 90-day stay was entered. *Id.* Then the FDIC requested an additional 180-day stay under FIRREA. The court held "the district court has already issued a decision adverse to the claimant, the case has already been briefed and argued, and we had already agreed to affirm the judgment below." *Id.* at 60. The court further noted it would normally stay a claim it had not decided, but with the current posture of the case, sending it back would only frustrate Congress's purpose in enacting FIRREA. *Id* at 60-61.

Here, there has not been a ruling by the Court regarding any claims asserted, and despite Plaintiff's contentions, the case is not as clear cut because all of Plaintiff's seventeen counts remain. Thus, it would not frustrate the purposes of Congress to stay the action, as the court held in *Yeomalakis*. Therefore, this Court will the stay the action 180 days for the expiration of the administrative review period.

## V. CONCLUSION

For the reasons stated above, it is HEREBY ORDERED that Defendant's Motion to Stay Proceedings [dkt 14] is GRANTED for 180-days from the filing of Plaintiff's administrative claim or until the FDIC denies Plaintiff's claims for administrative relief, whichever occurs first.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290