**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZAREMBA GROUP, LLC,
a Michigan limited liability company,

      Plaintiff,

v.                                              Case No. 10-11245
                                                   Hon. Lawrence P. Zatkoff

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for CITIZENS
STATE BANK,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND
PROVIDING ADDITIONAL DISCOVERY**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Reconsideration [dkt 31]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. On April 5, 2011, however, after Defendant filed the instant Motion, counsel for the parties appeared before the Court for a scheduling conference. At that time, the Court was informed by the parties about additional evidence not presented to the Court when it decided Plaintiff's Motion for Summary Judgment. The Court advised the parties that it would permit them to file additional briefs in response to Defendant's Motion for Reconsideration, including the presentation of any additional evidence not previously available.[1] Plaintiff then filed a response, to which Defendant replied. The Court finds that the facts

---

[1] The Court entered an order setting forth Plaintiff's response deadline and Defendant's reply deadline [dkt. 33]. After Defendant filed its reply, Plaintiff filed a Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Reconsideration [dkt 36]. The Court denies Plaintiff's Motion for two reasons: (1) no response is permitted to a defendant's motion for reconsideration, but the Court already allowed such in this case; and (2) the parties were well aware by the Court's statements at the scheduling conference that both parties could present any additional

and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted. For the reasons set forth below, Defendant's Motion for Reconsideration is GRANTED.

## II. BACKGROUND

Defendant challenges the Court's February 23, 2011, Opinion and Order. Specifically, Defendant requests the Court to reconsider its partial grant of summary judgment under Count VII of the First Amended Complaint. Plaintiff's Count VII asserts that Defendant breached certificate of deposit agreements ("CD Agreements") entered into between the parties. Plaintiff filed a Motion for Summary Judgment with respect to this Count, which the Court granted. In its Opinion and Order, the Court set forth the main issues before it:

> The parties do not deny that the CD Agreements created valid and enforceable contracts that permitted Plaintiff to withdraw the funds in the CDs upon its demand. Pursuant to the CD Agreements, CSB had a duty to hold Plaintiff's CDs for the benefit of Plaintiff, to pay interest to Plaintiff in an amount required by the CD Agreements, and to allow Plaintiff to withdraw its money from the accounts at the end of each CD's designated term.
>
> Yvonne, acting as Manager of Plaintiff, allegedly attempted to withdraw funds from a CD (Plaintiff does not specify which one) on October 19, 2005. On October 27, 2005, a letter directed to Olzem requested wire-transfer of funds from both CDs. [Citizens State Bank] denied the withdrawal and wire-transfer, which, according to the CD Agreements, is a breach unless Yvonne's withdrawal was before the end of the CD Agreements' terms, or CSB had a separate debt from Plaintiff, in which CSB was authorized to use the CDs to set-off those obligations.

---

evidence not previously presented to the Court. As such, the Court need not review Plaintiff's additional briefing attached to its Motion.

> . . . Defendant contends that Walter pledged the CDs as collateral for Walter's loan, and therefore, the CDs could be used to set-off Walter's commercial loan. Yet, Plaintiff argues that Walter did not have the authority to pledge the CDs as collateral for Walter's loan. Defendant, however, maintains that Walter had the *apparent authority* to pledge Plaintiff's CDs, and in the alternative, even if Walter lacked apparent authority, Plaintiff *ratified* Walter's conduct by signing the July and October bank resolutions. For Defendant to establish its right to set-off Plaintiff's CDs against Walter's indebtness to CSB, Defendant needs to show that: (1) Walter had authority to pledge the CDs as collateral for his loan; or (2) Walter's conduct was later ratified by Plaintiff.

The Court then analyzed the evidence presented to it, determining that Walter Zaremba ("Walter), Yvonne Zaremba's ("Yvonne") husband, neither had authority to pledge the CDs nor that Plaintiff later ratified Walter's actions. The Court based its determination regarding Walter's lack of authority on the following: (1) as required to find apparent authority, the Court did not find any acts that were traceable to Plaintiff that would lead Defendant to believe the CDs were for Walter; (2) Walter was neither named as an active manager or member of Plaintiff; (3) Mich. Comp. Laws § 440.3307(2)(b) required Defendant to do a more thorough review to determine if Walter had authority to pledge Plaintiff's CDs. As to the Court's determination that Plaintiff did not ratify Walter's actions, the Court found that Yvonne had knowledge of the facts surrounding Walter's act of pledging Plaintiff's CDs as collateral for his commercial loan. Based on these two determinations, the Court held that Defendant breached the CD Agreements and granted summary judgment on this Count to Plaintiff. Defendant now requests reconsideration of this holding based on the additional evidence presented in its reply brief.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

## IV. ANALYSIS

After careful consideration of the parties' papers and the additional evidence, the Court finds that had Defendant been provided an opportunity to permit such evidence through discovery, the Court would have reached a different disposition in deciding Plaintiff's Motion for Summary Judgment. The Court finds that the following evidence presented by Defendant would have created a genuine issue of fact with respect to Count VII:

(1) An involuntary bankruptcy petition dated August 26, 2010, filed by Walter, Yvonne (as managing member of Plaintiff), and Henry Siwecki against Zada in the United States Bankruptcy Court for the Southern District of Florida. In the petition, Walter and Yvonne both claim that Joseph Zada, the individual that received the loan proceeds entered by Walters, owes Walter and Plaintiff $16,614,501.41.

(2) The court file from a case filed in the Pierce County Superior Court for the State of Washington against Walter, Yvonne and Plaintiff. The papers in the court file attached to Defendant's reply brief indicate that in June of 2000, Walter signed a purchase and sale agreement both individually and

as a member of Plaintiff with Pacific International Enterprises, Inc. Walter also signed a promissory note, both individually and as a member of Plaintiff. His signature on the note as a member of Plaintiff was notarized by a public notary in Antrim County, Michigan, with a specific affirmation by the notary that Walter affirmed under oath that he was authorized to execute the note and sign as a member of Plaintiff. Walter, Yvonne and Plaintiff were served with the summons and complaint by an Ostego County Deputy Sheriff.

With respect to the information revealed in the involuntary bankruptcy petition, such evidence establishes that Yvonne, acting on behalf of Plaintiff, and Walter may have been engaged in other transactions to loan funds to Zada in excess of the approximately $1,866,833 contained in the CDs. Plaintiff asserts through Yvonne's Affidavit attached to Plaintiff's response brief that Plaintiff "never loaned any money to Zada" and any information that indicates otherwise in the involuntary bankruptcy filings is incorrect. Yvonne's Affidavit, however, further convinces the Court that genuine disputes of fact exist as to whether $16,614,501.41 was only an uncorrected mistake and whether Yvonne was aware or involved with Walter in using Plaintiff's assets to secure loans for Zada.

With respect to the information revealed in the court filings, based on the service of the complaint, Yvonne would have been aware as early as 2000 that Walter was entering into transactions as a member of Plaintiff. Further, it appears that Plaintiff took possession of the assets purchased, and thus, a jury could reasonably find that Yvonne, as the manager, would have been made aware of Walter's transaction. As such, a genuine dispute of fact exists as to whether Walter had authority to act as an agent for Plaintiff based on prior transactions that Walter had entered into as a manager of Plaintiff. Accordingly, the Court grants Defendant's Motion to Reconsider the

Court's February 23, 2011, Opinion and Order and denies Plaintiff summary judgment as to Count VII, finding a genuine dispute of fact.

Furthermore, due to the atypical procedural context of this case and the limited discovery that occurred due to Defendant's appointment as receiver of the original named defendant (Citizens State Bank), the state court's grant of a ninety-day stay after Defendant's substitution as a party, the subsequent removal from that state court to this Court, and the granting of a 180-day stay under the Financial Institutions Reform and Recovery Enforcement Act by this Court, the Court grants the parties sixty days to conduct further discovery so each party is provided a fair opportunity to present the facts in this case.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [dkt 31] is GRANTED.

IT IS FURTHER ORDERED that the parties are permitted an additional sixty **(60)** days after the entry of this Opinion and Order to conduct further discovery.

IT IS FURTHER ORDERED that **after** the close of this additional discovery, the parties may file dispositive motions by **January 10, 2012.**

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Reconsideration [dkt 36] is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: October 19, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 19, 2011.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290